### CLARK v. CLIFF PAPER CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

PLEADING AND PROOF.

Where a complaint is based upon an alleged contract binding plaintiff to accept certain goods, to be delivered by defendant, even though they prove inferior, and to pay therefor, and await an ultimate allowance and adjustment of losses resulting from such inferiority, plaintiff cannot establish his claim to recover for an overpayment, on the ground of the inferior quality of the goods, by rejecting certain shipments as having been inferior, and repudiating all liability therefor.

Appeal from trial term.

Action by Charles S. Clark against the Cliff Paper Company. From a judgment in favor of plaintiff entered on the verdict of a jury, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Morris Cohn, Jr., for appellant.
Frederick A. Ward, for respondent.

CULLEN, J.    The complaint alleges that the defendant contracted with the plaintiff to furnish a quantity of paper of a certain quality, and at a specified price; that the first deliveries of the paper were of inferior quality, and that thereupon the defendant agreed "that, if the plaintiff would make payment for the said and other paper delivered and to be delivered by them to him, they would fairly adjust and rectify the account, and would repay and make good to the plaintiff any loss sustained by reason of the inferiority of said paper"; that under this agreement plaintiff continued to pay by notes and cash; that the plaintiff suffered loss and incurred expense by reason of the inferiority of the paper to the amount of $591.40, for which sum judgment was asked.    The answer of the defendant admitted the sale and delivery of the paper, but denied the agreement to pay plaintiff for any loss suffered on account of its alleged inferiority.    It also counterclaimed for the unpaid portion of the purchase price of the paper, amounting to $615.66.    At the close of the evidence, the defendant asked that the complaint be dismissed, and that there should be submitted to the jury only the question of the defendant's counterclaim.    This request was denied, to which the defendant excepted.    The jury found a verdict for the plaintiff.

We think the verdict is not supported by the evidence.    It is unnecessary to state the details of the accounts between the parties, or of their respective claims.    It is sufficient to say that the amount of plaintiff's claim is arrived at by rejecting certain shipments or parts of shipments of paper, made by defendant to him, and repudiating any liability therefor.    The last shipment of 155 reams may have been properly rejected, as that was a shipment in excess of the amount of paper contracted for; but the rejection of parts of the two earlier shipments—93 reams of paper on July 14th, and 160 reams on September 23d—cannot be upheld.    We need not discuss the question of whether the evidence established a warranty on the part of the defendant as to the character of the paper, nor whether such warranty would survive the acceptance of the goods, or a failure to comply with its terms justify a refusal to accept them. The evidence does not show that, as a matter of fact, these parts of the earlier shipments ever were rejected.    Such a claim is entirely inconsistent with the theory of the complaint.    By the contract sued upon, the plaintiff was not to reject the paper for inferiority of quality, but despite such inferiority, either in that delivered or to be delivered, was to continue to pay for it, and be indemnified by the defendant for his loss.    If we charge the plaintiff in the account with these two deliveries, and eliminate from it the charge for cartage and storage on the paper (which must be done, as there is nothing to show how this charge was to be apportioned between the last shipment and the two earlier ones), there would be no balance due the plaintiff.    The motion to dismiss the complaint should therefore have been granted.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.    All concur.