## CLARK v. CLIFF PAPER CO.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

SALES—ACTION BY PURCHASER—BREACH OF WARRANTY.

    A contract provided that plaintiff should purchase paper of defendant, and receive the paper, though inferior to the agreed quality, and that the vendor should repay any losses sustained by reason of such defects. Plaintiff refused to receive certain paper, and sued defendant, who counterclaimed for the price of the paper refused. The complaint sought to recover a fixed sum paid for the paper, together with expenses for cartage and storage, and a certain sum as damages, to the amount of profits which he would have realized on the sale of the paper had it been of the quality called for by the contract. A bill of particulars exhibited the transactions between the parties, leaving as due the precise sum included in the amount for which judgment was asked, exclusive of the claim for loss of profits. *Held*, evidence of damages, on the theory of a breach of warranty, to the extent of the difference between the value of the property as it was to be and as it was, was inadmissible under the plea.

Appeal from trial term.

Action by Charles S. Clark against the Cliff Paper Company. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

Frederic A. Ward, for appellant.
Morris Cohn, Jr., for respondent.

HIRSCHBERG, J. When this case was before the court on a former appeal, it was held that on the evidence the trial court should have dismissed the complaint on the motion made at the close of the evidence, and submitted to the jury only the question of the defendant's counterclaim. Clark v. Paper Co., 21 App. Div. 623, 47 N. Y. Supp. 251. This conclusion was reached because the claim of the plaintiff appeared to be based upon the alleged rejection of shipments of paper which were concededly ordered, and which were therefore to be retained by the plaintiff and paid for under the contract set up in the complaint, irrespective of quality, but subject to repayment by the defendant to the plaintiff of any loss sustained by reason of the inferiority. In the opinion attention was called to the fact that there was an inconsistency between the plaintiff's

claim that he was to accept and receive the paper and pay for it, trusting to the defendant's promise to afterwards rectify the account, and repay and make good the loss arising from inferiority, and the plaintiff's further claim that he had rejected paper because of its inferior quality, but which he had received pursuant to such agreement. The last shipment was excepted from this criticism, because in excess of what had been ordered by the plaintiff. It was nowhere suggested, however, that a claim for the damages resulting from a breach of warranty would not be within the terms of the contract alleged in the complaint, or that there would be any inconsistency between such a claim and the contract. On the contrary, Mr. Justice Cullen said:

"We need not discuss the question of whether the evidence established a warranty on the part of the defendant as to the character of the paper, nor whether such warranty would survive the acceptance of the goods, or a failure to comply with its terms justify a refusal to accept them."

It is quite apparent, therefore, that no consideration was given to the question of what would be the legal basis of the plaintiff's claim for "loss sustained" by reason of the inferiority of the paper, and which the defendant, according to the contract asserted in the complaint, agreed to make good to him.

The plaintiff sued to recover the sum of $741.40, which he alleged to be due him under the terms and conditions of the contract. Of this sum, $591.40 is stated in the complaint to be the amount which the plaintiff had advanced and paid to the defendant for the paper, together with expenses incurred for cartage, storage, etc., and the balance, viz. $150, is stated in the complaint to be plaintiff's damages, in the amount of profits which he would have realized upon the sale of the said paper had the same been of the quality called for by the contract. The plaintiff bought the paper to sell again, and the claim for damages which he asserted in the complaint was thus expressly limited to the loss of prospective profits. Moreover, a bill of particulars was served by the plaintiff, purporting to show "the dates and amounts of the separate items of the sales and deliveries of the paper referred to in the complaint in this action, and the dates and amounts of the separate payments or credits, and the separate items of expenses for cartage, storage, etc., therein." This bill of particulars exhibits the transactions between the parties in great detail, and leaves as due the plaintiff the precise balance of $591.40 included in the amount for which judgment is demanded in the complaint, and exclusive of the claim for loss of profits. It includes an allowance to the plaintiff of $163.71, being 35 cents a hundredweight upon 46,775 pounds of the paper in question. Evidence was given upon the trial tending to establish this allowance as agreed upon between the parties, and evidence was also given tending to establish the shipment of about $245 worth of paper which the plaintiff claims he did not order, and which was referred to as overplus. No evidence whatever was given of loss of profits. The counterclaim set up by the defendant was the sum of $615.66, the balance which would be due the defendant on the theory that the paper was all ordered and not inferior, and, if not ordered, was ac-

cepted and retained by the plaintiff without objection; and there seems to be no pretense but that the defendant is entitled to this balance upon the establishment of its theory of the facts.

The learned trial justice submitted the case to the jury under proper instructions, in view of the condition of the evidence, and their verdict rendered in favor of the defendant for the sum of $205.14 must have been reached by deducting from the defendant's bill of $613.66 all that the court charged the plaintiff had given evidence to establish, viz. $163.71 for the allowance per hundredweight, and $246.81, which the jury apparently found to be the precise value of the overplus. At all events, the verdict indicates that the jury allowed to the plaintiff everything which, under the proof, he was entitled to claim as deduction from the defendant's counterclaim. The plaintiff, however, asserted upon the trial the right to establish and to have allowed, as a part of his claim, his damages, on the theory of a breach of warranty, viz. the difference between the value of the paper as it was to be and as it was. The court at first ruled, against defendant's objection, that such damages constituted a part of the plaintiff's claim, and the plaintiff testified that the difference amounted to $705.40. Subsequently the learned trial justice reached the conclusion that the previous decision in this court was to the effect that there could be no claim for breach of warranty under the theory of the complaint, and accordingly withdrew the evidence of these damages from the consideration of the jury, but gave the plaintiff the privilege of offering evidence on the claim set up in the complaint, which he declined to do. While the action of the learned trial justice was based on an erroneous view of the scope of the former decision, the conclusion he reached was correct. It is, at best, extremely doubtful if a recovery could be had for the damages resulting from a breach of warranty under the contract alleged in the complaint. The defendant perfectly understood that the paper was purchased by the plaintiff to sell again, and I should have no hesitation in holding that the provision in the contract by which the defendant agreed to repay the "loss sustained" related to the loss sustained on such resales, and that the understanding of the parties was not that the defendant should be liable to the plaintiff in the event that the latter should sell the paper to his customers at just as good a price as he would have got had it been of the quality contracted for. This was the view taken by the learned counsel in drafting the complaint, as the plaintiff's attorney, and asserted upon the first trial. But, whether or not it be the correct view, the evidence of the damages now under consideration was not admissible under the complaint and the bill of particulars. There was no motion to amend the complaint, and the defendant had not come into court prepared to make proof to meet the new claim,—a claim of which it could not be regarded as in any way apprised, in view of the pleadings, and the fact that it had never been asserted during the first trial. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.